UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIALICE BATHRUS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv01483 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | Judge John D. Bates |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS

Comes Now, Marialice Bathrus Williams, by and through her undersigned counsel, and hereby files this Opposition to the Defendants' renewed Motion to Dismiss the Plaintiff's Amended Complaint and all claims in this action, pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.

The contemporaneously filed "Defendants' Motion for Summary Judgment" is addressed by a separate filing on behalf of Plaintiff in this proceeding.

### INTRODUCTION

The initial submission of Defendants' Motion to Dismiss cited several alleged deficiencies which were addressed and either clarified or resolved through the filing of Plaintiff's Amended Complaint in this proceeding. The renewed Motion to Dismiss repeats the same assertions and legal arguments, however, without any factual foundation in support of the efforts. For these reasons, the Motion to Dismiss must fail.

1

The primary focus of the Defendants' Motion is that Plaintiff never actually received a contract from Defendant Fannie Mae. No element of the Amended Complaint, however, asserts that Defendant Fannie Mae breached any actual contract with the Plaintiff. Instead, the Amended Complaint cites facts and circumstances in support of the assertion that Defendants denied the ability to contract with Fannie Mae to the Plaintiff for discriminatory, retaliatory, and other unlawful reasons, in violation of cited statutes and common law.

The actual thrust of the arguments presented by the Defendants remain directed, instead, at the claims of the Defendants that the underlying evidence does not prove the allegations of the Plaintiff. At this stage of the proceeding, however, such assertions are more properly addressed within the context of the Defendants' contemporaneously filed Motion for Summary Judgment, rather than in the instant pleading. Within the context of the Plaintiff's Opposition to the Motion for Summary Judgment, to be submitted upon the conduct of reasonable and necessary limited discovery, this ultimate issue shall be fully litigated – or else deferred until after the conduct of full discovery in the case.

## ARGUMENT

The renewed Motion to Dismiss must fail for many of the same reasons that the initial Motion to Dismiss filed in this case was insufficient. While some new arguments are presented in the renewed Motion to Dismiss, many go beyond the standards for consideration by the Court, and others are simply irrelevant – or wrong.

### Legal Standards Applicable to Consideration of the Motion to Dismiss

The law governing the Court's review and determination regarding the merits of Defendants' Motion to Dismiss is well-established in this jurisdiction.

Dismissal pursuant to Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)." The Court "must construe the complaint in a light most favorable to [the Plaintiff] and give [tbe Plaintiff] "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States,* 199 U.S. App. D.C. 23, 617 F.2d 605, 608 (D.C. Cir. 1979). "Thus, [the Defendant] must demonstrate that [the Plaintiff] cannot prove any set of facts to support its claim." *Id.; Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Atchison v. District of Columbia,* 73 F.3d 418, 422 (D.C. Cir. 1996).

Furthermore, the Complaint must be construed in the light most favorable to the Plaintiff, while assuming for the purposes of consideration of the Motion to Dismiss that all of the allegations of the Complaint are true. *E.g., Albright v. Oliver,* 510 U.S. 266 (1994); *Hartford Fire Ins. Co. v. California,* 509 U.S. 764 (1993); *Atchison, supra* at 422. A Complaint is sufficient so long as it fairly puts the defendant on notice of the claim; accordingly, liberal rules of pleading normally protect a plaintiff from dismissal at the pleading stage when the Complaint can be said to state a claim if all inferences are drawn in the plaintiff's favor. *Atchison, supra* at 422.

Based on these standards, Defendants cannot prevail on any aspect of their Motion to Dismiss.

I. **Plaintiff's Section 1981 Claims Stand Valid as Stated in the Amended Complaint.**

The initial argument presented by the Defendants in the Motion to Dismiss is centered on the assertion that Counts I and II, specifically, and the Amended Complaint, generally, "fails to

allege that others received contracts [that Plaintiff] should have received." Motion to Dismiss, at 3.

The Amended Complaint properly focuses on the established assertions that the Defendants' violations of Plaintiffs' civil rights arising under Title 42, Section 1981(a), arise from the refusal of the Defendants, because of Plaintiff's race, to permit Plaintiff "to make and enforce" contracts with Fannie Mae during the cited periods of time at issue in this case. *See* Amended Complaint, Counts I and II. These allegations clearly do not require the presence of a binding contract which could have been awarded to Plaintiff but were instead were awarded to some third party; but only require reasonable and good faith efforts on the part of the victim "to make" a contract with the perpetrator of the unlawful conduct. As exhaustively set forth in the Amended Complaint, such efforts were ongoing by Plaintiff Williams from her termination of employment with Fannie Mae until at least October 2003, and arguably continue to this day.

Even assuming, *arguendo*, that Section 1981 <u>requires</u> that a contract unreasonably denied to a plaintiff because of unlawful discriminatory and retaliatory motives and conspiratorial acts must be given to a third party, rather than merely unlawfully denied to the complaining plaintiff, the Defendants' argument must fail based upon the clear and plain language of the Amended Complaint:

> As stated in the Amended Complaint:
>
> "45. At the same time as Defendant Fannie Mae and Defendants Lawch and Huebscher were continuing to refuse to perform, or allow to be performed, any business by and between Fannie Mae and Plaintiff Williams, these same Defendants directed all such business and accompanying financial remuneration to a less qualified white male contractor, Mr. Craig Ott. Mr. Ott also had no history of protected equal opportunity activities involving Defendant Fannie Mae, as had Plaintiff Williams."

Amended Complaint, para. 45.

It is further noted that this language is carried over to all Counts stated in the Amended Complaint, including Counts I and II addressing the 42 U.S.C. Section 1981(a) claims. *See, e.g.*, Amended Complaint, para. 70, 76.

The cited assertion as stated in the Amended Complaint clearly establishes a set of facts in which Craig Ott, a white male, received from Fannie Mae business and payments which should rightfully have been received by Plaintiff Williams, an African-American female. Other extensive citations in the Amended Complaint refer to the unlawful and discriminatory nature of the acts of all three Defendants. The apparent further detail which is asserted in the Motion to Dismiss which would be required in the Amended Complaint, pursuant to the Defendants' arguments, is simply not required by the Federal Rules.

With respect to the further assertions of Defendants in this section of the Motion to Dismiss, the claim that the Plaintiff "stated no specific factual allegations that could support that defendants discriminated against her purposefully due to her race" (Motion to Dismiss, at 5), the entire presentation of facts in the Amended Complaint constitute the "factual allegations" required for the conclusion stated in Count I, to wit: That the conduct of Defendants "as described herein, constitutes unlawful discrimination against Plaintiff Williams based upon Plaintiff's race (African-American) …." Amended Complaint, at 21 (para. 71).

Additional language is provided in the Amended Complaint for Count II, alleging unlawful retaliation by the Defendants against Plaintiff Williams for the Plaintiff's prior exercise of protected civil rights. *Id.*, at 22 (para. 74).

**II.    Plaintiff's 42 U.S.C. Section 1985 Claims of Conspiracy, Argued in the Alternative, Are Sufficient to Withstand a Motion to Dismiss.**

Allegations within the Amended Complaint of unlawful conspiratorial conduct pursuant to Title 42, Section 1985, rely on the concerted agreement and specific efforts among the Defendants, including individual Defendants Lawch and Huebscher, constituting further and separate unlawful conduct, in refusing to permit Plaintiff "to make" a contract with Fannie Mae. *See* Amended Complaint, Count III. The Amended Complaint makes extensive assertions regarding the nature and conduct of activities constituting the alleged conspiracy.

The Defendants' Motion to Dismiss Count III of the Amended Complaint relies, in part, upon the concept that "a corporation cannot conspire with its officers and agents unless they are operating outside the scope of their employment." Motion to Dismiss, at 5 (citation omitted).

While it may be entirely appropriate that Defendants Lawch and Huebscher maintain in their respective Answers to the Amended Complaint that they were not operating "outside the scope of their employment" as a factual matter in support of their response to Count III of the Amended Complaint, this bald assertion made in the text of a Motion to Dismiss clearly falls far short of a compelling basis for dismissing the claim.

With respect to the second argument presented in the Motion to Dismiss regarding Count III, that Plaintiff fails to assert "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions," (Motion to Dismiss, at 6, citations omitted), Plaintiff respectfully argues that the entire Amended Complaint is replete with language asserting the unlawful discriminatory motive for the actions of all of the Defendants, including their agreements and actions in furtherance of the alleged conspiracy. Moreover, the specific unlawful discriminatory motive is specifically cited in Count III of the Amended

Complaint, along with the actions constituting such conspiracy, as a basis for the claim. Amended Complaint, at 23 (para. 77).  Thus, where Defendants' Motion to Dismiss now states, "Nowhere in her original or amended complaints has plaintiff alleged that Fannie Mae, Lawch, and Huebscher conspired against her because she was either African-American or female," (Motion to Dismiss, at 6), the Defendants are simply wrong.  *See id.*

      Thirdly, the Defendants assert that allegations of conspiracy under Section 1985 "are subject to heightened pleading standards," and that Plaintiff has failed to meet such standards.  *See* Motion to Dismiss, at 6.  Plaintiff asserts that she has stated to the extent currently available to her, and to an extent clearly sufficient to survive a Motion to Dismiss, the facts and circumstances warranting a conclusion that an unlawful conspiracy may have been in progress and execution in this case.  These include the Defendants' "concerted and organized plans, efforts and actions to refuse to permit Plaintiff Williams to make and enforce contracts pursuant to the civil rights identified by 42 U.S.C. Section 1981 …", as alleged in Count III.  Amended Complaint, at 22-23 (para. 77).  At least some of the actions in furtherance of such plans are stated at length in the Amended Complaint.  *See* Amended Complaint, at 14-15 (para. 45, 46); 16 (para. 51); 19 (para. 60-62).

      Again, it is neither the purpose nor the requirement of a plaintiff to identify and plead every single fact in support of the allegations contained in his or her complaint; such a standard would result in complaints of hundreds of pages in length.  The facts and circumstances presented in the pleadings contained in the Amended Complaint in this proceeding do, however, present the bases for the claims raised therein.

**III.    Plaintiff's Interference-Based Claims Are Valid Under the Ulico Case and Other Appropriate District of Columbia Case Precedents.**

The Amended Complaint makes specific allegations regarding "tortious interference with business relationships." Citing the District of Columbia District Court case, *Ulico Cas. Co., v. Prof. 1 Indem. Agency, Inc.,* 1999 U.S. Dis. LEXIS 8591 (D.D.C. 1999), a decision rendered by Chief Judge Hogan, Plaintiff Williams places her claim of tortious interference into the context of the District of Columbia common law addressing "tortious interference with prospective economic advantage," the subject of the *Ulico* litigation.

In urging this Court's dismissal of Count IV of the Amended Complaint, the Defendants' Motion to Dismiss cites an earlier District of Columbia case, *Donohoe v. Watt*, 546 F. Supp. 753 (D.D.C. 1982), which refers to the requirement of the presence of an existing contract regarding which there is tortious interference. *See* Motion to Dismiss, at 7.

The law regarding the claims set forth in the Amended Complaint, however, does not require the existence of an existing contract, but instead relies upon the following conditions cited by the Court:

> "Under District of Columbia law, Ulico [Plaintiff] must allege (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of PIA [Defendant]; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage. *See Bennett Enter., Inc. v. Domino's Pizza, Inc.,* 310 U.S. App. D.C. 192, 45 F.3d 493, 499 (D.C. Cir. 1995).

*Ulico, supra* at 4. *See also Bannum, Inc. v. Citizens for a Safe Ward 5, Inc., et al.,* 383 F.Supp.2d 32 (D.D.C. 2005)(TLF).

The second argument presented by the Defendants' Motion to Dismiss regarding Count IV is that, "even if plaintiff could possibly allege a separate, tort-based claim, this claim still

8

must fail because plaintiff has not met the basic elements of pleading her claim." Motion to Dismiss, at 7. This is, of course, a totally different argument – and one which is based upon the sufficiency of factual evidence of record.

It is Plaintiff's position that the necessary components to constitute a valid claim under the cited District of Columbia law were all contained within the Amended Complaint.

For example, the Amended Complaint clearly sets forth the existence of a valid business expectancy, based upon presented facts and circumstances. *E.g.*, Amended Complaint, at 7 (para. 20, 21). Knowledge of such expectancy on the part of the Defendants also is alleged within the Amended Complaint. *Id.* at 7-9 (para. 21, 22, 26).

Intentional interference and resulting damage, the third and fourth required elements, are also alleged within the Amended Complaint in substantial detail. *E.g., id.* at 13-14 (para. 43-45) (describing in part the Defendants' various acts of "interference" with Plaintiff's attempts to contract with Fannie Mae); and *id.* at 20-21 (para. 64, 66, 67-69)(describing Plaintiff's injuries suffered as a result of the denial of fair and non-discriminatory business activities).

In sum, the Amended Complaint complies with all requirements of an initial pleading for the purposes of surviving a Motion to Dismiss, notwithstanding the Defendants' efforts to present new, non-material and non-record facts and arguments to the contrary. *See* Motion to Dismiss, at 8-10.

**IV.    Plaintiff's Claims for Intentional Infliction of Emotional Distress
         Are Sufficiently Pleaded for Purposes of Defending a Dismissal Motion.**

The Amended Complaint specifically alleges those actions of Defendants which constitute the common law tort within the District of Columbia of "intentional infliction of

9

emotional distress." Amended Complaint, Count V. Specifically, Defendants' actions created and perpetuated a secret scheme to deny to Plaintiff Williams of all fair and legitimate opportunities to contract with Defendant Fannie Mae, even while for years maintaining an open and deliberate ruse to create in Plaintiff a reasonable expectation that such contractual relationship would ensue. Such actions clearly may constitute the level of grievous and insidious actions ultimately required to substantiate this claim.

Defendants' renewed Motion to Dismiss cites *Wise v. District of Columbia,* Case No. 03-cv-310, 2005 U.S. Dist. LEXIS 6361 (D.D.C. April 8, 2005), *Bryant v. Orkand Corp.*, No. Civ. 03-2305, 2005 WL 670295 (D.D.C. March 21, 2005), and other specific cases which have discussed the factual bases for a claim for intentional infliction of emotional distress. Essentially, however, every case must be evaluated by its own merits.

It is Plaintiff's position that the purposeful and calculated "black-balling" of Plaintiff Williams in this case, against a background of double-dealing and invidious secretive actions by the Defendants to hide their true intent; all resulting in the financial bankruptcy, loss of business and personal reputation, and emotional trauma suffered by Plaintiff over a period of years; clearly meets the standard sufficient for a jury to find the presence of the required elements of the tort of intentional infliction of emotional distress.

As with Defendants' other arguments, this effort to resolve with a dispositive motion Count IV of the Amended Complaint must fail.

## **CONCLUSION**

Under the applicable Federal Rules of Civil Procedure, the purpose of the Complaint is to give notice of the issues to be litigated, and the details provided in the Amended Complaint

certainly withstand any scrutiny as to sufficiency.  There is no question that the Complaint filed in this proceeding gives fair notice of the issues to be litigated, with sufficient specificity, to establish well-recognized causes of action established by statutory and case law.

    WHEREFORE, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss in its entirety.

                                   Respectfully submitted,

                                   _____/S/_____
                                   Michael W. Beasley, Esq.
                                   D. C. Bar No. 248930
                                   411 East Broad Street
                                   Falls Church, Virginia  22046
                                   Phone:  (703) 241-2909
                                   Fax:  (703) 241-5885


                                   _____/S/_____
                                   Brian Lederer, Esq.
                                   D. C. Bar No. 184184
                                   3003 Van Ness St., NW, Suite #W228
                                   Washington, D. C.  20008
                                   Phone:   (202) 244-1715

                                   Members of the District Court Bar for the
                                    United States District Court for the
                                       District of Columbia

                                   Attorneys for Plaintiff
                                   Marialice Bathrus Williams

November 28, 2005

CERTIFICATE OF SERVICE

      I hereby certify that one copy of the foregoing "Plaintiff's Opposition to Defendants' Renewed Motion to Dismiss," was provided by first-class mail, postage prepaid, this 28th day of November 2005, to the following named counsel for Defendants:

Evelyn L. Becker, Esquire
Sarah Alexander Goldfrank, Esquire
O'Melveny & Myers, LLP
1625 Eye Street, N. W.
Washington, D. C.  20006-4001

Counsel for Defendants Fannie Mae,
 Lawch and Huebscher

                                                /S/
                                        Michael W. Beasley, Esq.
                                        D. C. Bar No. 248930

Counsel for Plaintiff