UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIALICE BATHRUS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv01483 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | Judge John D. Bates |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR CONTINUANCE UNDER RULE 56(f)
TO PERMIT DISCOVERY IN AID OF OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND MEMORANDUM IN SUPPORT THEREOF**

Comes Now, Plaintiff Marialice B. Williams, by and through counsel, and moves this Court to direct, pursuant to Rule 56(f), a continuance until 90 days after the Court issues its Order pursuant to this Motion, to permit Plaintiff to have discovery in all of its forms regarding the issue of the Statute of Limitations addressed in Defendant's Motion for Summary Judgment. The purpose of this Motion is to permit timely filing of Plaintiff's Opposition to the Defendants' Motion for Summary Judgment, and for the Court to authorize Plaintiff to have such discovery. In support hereof, an Affidavit required by the rule setting forth the bases for the continuance, and a proposed Order for consideration by the Court, are provided.

**BACKGROUND**

Defendants, through their Motion for Summary Judgment, have moved to dismiss every aspect of Plaintiff's Amended Complaint because of a claimed bar to the litigation pursuant to

1

the applicable three-year Statute of Limitations in the District of Columbia relevant to such claims. Defendants' Motion for Summary Judgment relies heavily on an e-mail described in both the original Complaint and the Amended Complaint from the period of June 2001 as establishing the appropriate trigger point to initiate the running of the appropriate District of Columbia Statute of Limitations governing <u>all</u> of the claims set forth in the Amended Complaint.

 The parties to this matter apparently agree that the applicable Statutes of Limitations are three years for all identified claims.

 Defendants argue that the 2001 communication cited in the Complaint and the Amended Complaint, and now provided as an Attachment to Defendants' Motion for Summary Judgment, establishes the effective date for the running of the Statute of Limitations and that, therefore, Plaintiff Williams was required to file the instant lawsuit no later than approximately mid-2004 in order to sustain her various claims.

 In support of their argument, Defendants cite and attach to their Motion for Summary Judgment copies of certain pages from one day of a three-day deposition of Plaintiff Williams which was conducted in the course of another Federal District Court case: *CAM Financial Services, Inc. V. General Star National Insurance Co. , Fannie Mae et al.*, Case No. 1:01-cv-314-LG-JMR (SD Miss.), which apparently was resolved or otherwise settled within the past year.

 Plaintiff Williams, however, was not a party to that case, was not present during any of the depositions of other parties, had only very limited access to documentary evidence discovered in such case, and had no opportunity to present direct testimony at any actual trial of the litigation.

Defendants' are now utilizing certain snippets of testimony by Plaintiff Williams which are "cherry-picked" from the *Cam Financial* litigation, a case which had over 10,000 exhibits, and thousands of pages of deposition testimony, to establish a factual and evidentiary basis for summary judgment regarding the instant litigation. As such, the Defendants are inherently claiming that such limited and selective citations are absolutely dispositive, and are worthy of total credence by this Court in summarily dismissing all counts of the Plaintiff's Amended Complaint.

In fact, however, as more fully explained and described in Plaintiff's Amended Complaint, the 2001 communications merely provided a clearly non-dispositive clue regarding the Defendants intent to deny to Plaintiff a single project for which she was seeking a contractual relationship with Fannie Mae.

Certain substantive actions of the three Defendants in this litigation following the Plaintiff's discovery of the 2001 communication were intended to, and did indeed convince Plaintiff that the Defendants were still eager and willing to permit Plaintiff Williams to engage in contractual relationships with Fannie Mae even following Plaintiff's discovery of the cited e-mail of June 2001. These substantive efforts by the Defendants following Plaintiff Williams' discovery of the confidential, internal Fannie Mae e-mail between and among Defendants Richard Lawch and Grace Huepscher, were intended to convince Plaintiff Williams that the cited e-mail should <u>not</u> be construed by Plaintiff Williams to represent that no contractual relationship could be established between Plaintiff and Defendant Fannie Mae. Such deceitful actions by Defendants were continuous and openly engaged in by the Defendants through at least October 2003, when Plaintiff Williams truly came to the conclusion that Defendants never intended to permit her to enter into productive economic contracts with Fannie Mae.

As more fully described in the Amended Complaint, Plaintiff Williams was continuously tricked and duped into believing that Defendants were willing and eager to permit her to engage in contractual relationships with Fannie Mae, while the Defendants were secretly engaged in conspiratorial and well orchestrated efforts to deny to Plaintiff any such opportunities, in violation of both Plaintiff's civil rights and her common law rights. The active concealment of their true unlawful intentions worked all too well, and Plaintiff was continuously tricked into believing that the open actions of the Defendants were reflective of their true intentions.

As stated with specificity in the Amended Complaint, it was not until the time following a business development meeting with the Defendants which was conducted on October 8, 2003, that Plaintiff Williams became fully aware of the insidious and destructive plot of Defendants to deny altogether any ability of Plaintiff to contract with Fannie Mae, or to engage in any productive business ventures. This was after Fannie Mae and its senior officers, including the two named Defendants, ceased all communications entirely with Plaintiff Williams, refusing to respond to any correspondence and/or telephone calls initiated by Plaintiff Williams.

Further, this final discovery of deceit and betrayal at the hands of the Defendants was after the expenditure of several years of concerted and reasonable efforts by Plaintiff Williams to generate such business opportunities with Fannie Mae, as her experience and education should have warranted, and despite the expenditure of hundreds of thousands of dollars of personal funds in furtherance of establishing a successful business relationship with Fannie Mae. All of these efforts were generated and expended in substantial part because of the continuing encouragement and participation of the Defendants in business development with Plaintiff that such actions would be rewarded with reasonable prospective business opportunities, <u>even after</u>

<u>Plaintiff's discouraging discovery of the June 2001 confidential e-mail between Defendants Lawch and Huebscher.</u>

## **STATEMENT OF LAW**

Under Rule 56(f), the adversary party (Plaintiff Williams) need not present absolute proof creating the minimal doubt on the issue of fact which entitles him/her to a full trial; it is enough if he shows the circumstances which hamstring him in presenting that proof by affidavit in opposition to the motion.  Kaplan, *Amendments of the Federal Rules of Civil Procedure*, 1961-1963 (II), 77 Harv. L. Rev. 801, 826 (1964).

To be sufficient, an affidavit requesting additional time to conduct discovery prior to a disposition by summary judgment must include the nature of the uncompleted discovery, how the facts sought are reasonable expected to create a genuine issue of material fact, the affiant's efforts to obtain those facts, and why those efforts were not successful.  *Continental Airlines, Inc., v. Lelakis*, 943 F. Supp. 300 (D.C. N.Y. 1996).

In overruling a summary judgment determination in order to allow discovery, another District Court has stated:  "This case illustrates the danger of founding a judgment in favor of one party upon his version of facts within his sole knowledge as set forth in affidavits prepared *ex parte*.  Cross-examination of the party and a reasonable examination of the records by the other party frequently bring forth further facts which place a very different light upon the picture."  *Toebelman v. Missouri-Kansas Pipe Line Co*., 130 F.2d 1016, 1022 (3d Ct. App. 1942).

Further, "When a plaintiff must obtain a good deal of information from the opposing party, summary judgment should be withheld, until the discovery process has been completed."  *U.S. v. Price*, 577 F. Supp. 1103, 1115 (D.C. NJ 1983), *citing Wright and Miller*.  And, "It is

only by searching inquiry and a complete discovery that the character of the transaction may be revealed and the secrecy and darkness overhanging the transaction dispelled." *Hummel v. Riordan*, 56 F. Supp. 983, 987 (D.C. Ill. 1944).

Plaintiff's instant Motion for a Continuance to permit discovery falls squarely within the reasoning and principals of various case law explaining Rule 56(f).

### THE BASES AND RATIONALE FOR THE CONTINUANCE, AS SET FORTH IN THE ACCOMPANYING AFFIDAVIT

The affidavit attached hereto in support of Plaintiff's Motion for Continuance sets forth facts which argue persuasively under case law for a continuance to permit discovery related to the issue of the governing Statutes of Limitations. Essentially, Plaintiff cannot present necessary opposing evidentiary fact materials in this instance, without the requested continuance, for the following reasons:

A. No discovery has been conducted or allowed to date in this case;

B. The central issue within the Motion for Summary Judgment is the application of Statutes of Limitations. The Amended Complaint alleges that Defendants' various apparently sincere conduct and actions in working and communicating with Plaintiff Williams to develop prospective business opportunities continued at least until October 2003, and not until thereafter did the Defendants' conduct and actions make it clear that they would never do business with Plaintiff Williams (thus, triggering the running of the relevant Statutes of Limitations). Defendants argue that the relevant Statutes of Limitations began to run in mid-2001, and that the Amended Complaint is now untimely.

The matters associated with prospective business opportunity are complex transactions, however, which require considerable time to carry out and much documentation. Defendants, in

support of their Motion for Summary Judgment, attach partial and incomplete deposition material from the Federal District Court case entitled *CAM Financial Services, Inc. v. General Star National Insurance Co., Fannie Mae, et al.*, Case No. 1:01-CV-00314-LG-JMR (SD Miss.), in an attempt to contradict facts and circumstances presented within the Amended Complaint.

Plaintiff Williams agrees that certain aspects of the *Cam Financial* litigation may indeed be relevant as evidence regarding this pending matter and Plaintiff Williams' various factual claims regarding her ongoing relationships with the Defendant. The docket sheet for this litigation consists of some 66 pages, with some 597 separate entries. Thereafter, a trial apparently occurred before an arbitrator, who issued an arbitrator's award with Findings and Conclusions.

The entire *Cam Financial* docket sheet does indeed have numerous personal references to Plaintiff Williams. The subject matter of that case also addressed promises by Defendant Fannie Mae regarding complex business transactions of a nature of those which had been conducted by Plaintiff Williams while at Fannie Mae prior to her departure, and for which she was qualified to conduct following her departure from Fannie Mae.

In order to be fair with respect to the issue currently before this Court, however, <u>Plaintiff Williams must have equal access to the *Cam Financial* litigation documents already in the possession of, and obviously being used by, the Defendants in this case</u>. Absent the intervention of this Court, however, and for reasons described herein, that will not be possible.

C. The city of Gulfport, Mississippi, was devastated by Hurricane Katrina. The District Court records necessary for Plaintiff Williams to make a full and complete response to the Defendants' current Motion for Summary Judgment are <u>not</u> now available to Plaintiff Williams

from the District Court in Gulfport. Counsel for Plaintiff Williams have sought these records, but counsel has been advised by the District Court Clerk for the United States District Court for the Southern District of Mississippi that the records in the Southern Division office in Gulfport, Mississippi, where the *CAM Financial* case records are located, will be unavailable until at least the beginning of 2006, because of Katrina. Because of the length of the records in the case, another several weeks will be required to review the records and utilize required documents for purposes of the Plaintiff's Opposition. Even with the availability of the full Court records, however, it is anticipated that certain highly relevant discovery materials (including document and interrogatory responses and deposition transcripts) still will not be available through the District Court Clerk!

     D. There are only two other sources available to Plaintiff's counsel to secure the complete records: 1) the files of the attorneys representing Cam Financial Services, Inc.; or, 2) the files of Fannie Mae's lawyers. The attorneys who represented Cam Financial Services have been contacted by the undersigned counsel for Plaintiff Williams, and CAM's lawyers cannot provide their copies of records in the *Cam Financial* case because their offices in Biloxi, Mississippi, were utterly destroyed -- and their files relating to the *Cam Financial* case were destroyed, by wind and floods from Hurricane Katrina.

     Counsel for Plaintiff also have requested that counsel for Fannie Mae provide copies of possibly relevant documents from the *Cam Financial* litigation in order to respond in Opposition to the Motion for Summary Judgment. These requests included certain video-taped depositions from the *Cam Financial* case that could or would demonstrate demonstrate the continuing actions of Fannie Mae officials with regard to Plaintiff Williams. Two of the requested video-

taped depositions are of individual Defendants in this law suit, Defendants Lawch and Huebscher. Plaintiff's counsel also have requested from Fannie Mae a copy of the arbitrator's award in this matter. All such requests were denied.

    E. The requested discovery documents from the *Cam Financial* litigation would facilitate Plaintiff's Opposition to the Motion for Summary Judgment, and Plaintiff's ability to show that material facts are in dispute, notwithstanding Defendants' claims in their Motion. Such documents, for example, are anticipated to address the following critical issues: 1) When Fannie Mae and the individual Defendants first concluded that they would not conduct business with Plaintiff Williams on behalf of Fannie Mae following the termination of her employment with the Agency; 2) Why Fannie Mae and the individual Defendants continued to present circumstances and offer communications indicating to a reasonable person (Plaintiff Williams) that they still were intending to conduct business with her, when in fact they were not going to permit this to happen; and, 3) When Plaintiff could or should have known of the true intentions of Fannie Mae and the individual Defendants.

    Again, what Plaintiff's counsel are seeking to demonstrate further, as alleged in the Amended Complaint, is that Fannie Mae continued at least through October 2003 to conduct a campaign of deception that the Defendants were seriously contemplating the conduct of business with Plaintiff Williams. Such demonstration clearly would create a material issue of fact in dispute between the parties.

    As noted, counsel for Defendants refused requests for the cited documents, and refused a further request for sufficient time to obtain any available documents from the files of the District Court of Mississippi. A one-week extension was all that was offered by Defendants' counsel, a period of time far short of that needed to obtain and review such documents.

In summary, Defendants in their Motion for Summary Judgment selected certain limited testimony of Plaintiff Williams from one day of her multiple (four) day video-taped deposition testimony in the *CAM Financial* litigation. Defendants are now attempting to dispose of the Amended Complaint through their Motion for Summary Judgment on the issue of the relevant Statutes of Limitations by the mere submission of that limited testimony on the matter of a confidential e-mail between Defendants Richard Lawch and Grace Huepscher. Moreover, those two identical witnesses andDefendants, also gave video-taped depositions in the *CAM Financial* litigation, depositions which have not been made available to Plaintiff Williams.

As noted, Plaintiff Williams was not a party to the *Cam Financial* litigation, and does not even have access to the District Court public records in the case. Absent this Court's intervention to the full records in the Cam case, including the discovery documents and testimony currently in the hands of Fannie Mae's attorneys, there will not be an equal playing field.

## **CONCLUSION**

Accordingly, for all of the above-stated reasons, and as further supported by the accompanying Affidavit of Plaintiff's attorney Brian Lederer, Esq., it is respectfully requested that the Court grant an Order permitting limited discovery from Defendants in this matter; that the responses to such discovery be ordered expedited to the maximum possible extent; and that the Plaintiff's period for filing an Opposition to Defendants' Motion for Summary Judgment be extended until 90 days after the Court issues its Order pursuant to this Motion.

As noted, pursuant to the Local Rules, counsel for Defendants has been consulted and does not consent to this Motion.

As also noted, provided herewith are an Affidavit from Plaintiff's Attorney Lederer, and a proposed Order for consideration by the Court.

                                     Respectfully submitted,

                                     _____/S/_____
                                     Michael W. Beasley, Esq.
                                     D. C. Bar No. 248930
                                     411 East Broad Street
                                     Falls Church, Virginia  22046
                                     Phone:  (703) 241-2909
                                     Fax:  (703) 241-5885


                                     _____/S/_____
                                     Brian Lederer, Esq.
                                     D. C. Bar No. 184184
                                     3003 Van Ness St., NW, Suite #W228
                                     Washington, D. C.  20008
                                     Phone:   (202) 244-1715

                                   Members of the District Court Bar for the
                                    United States District Court for the
                                       District of Columbia

                                   Attorneys for Plaintiff
                                    Marialice Bathrus Williams

November 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIALICE BATHRUS WILLIAMS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV014823 |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.* | ) ) | Judge John D. Bates |
| | ) | |
| Defendants | ) | |

AFFIDAVIT

I, Brian J. H. Lederer, hereby certify, under penalty of perjury, as follows:

1. I am Counsel for Plaintiff in this action. My statements in this affidavit are based on personal knowledge, and are true to the best of my information, knowledge and belief.

2. I submit this affidavit, in support of a motion under Federal Civil Rule 56(f) requesting a continuance to permit discovery pertinent to being able to present facts essential to justify and to file an opposition of material issues of fact in dispute to the Defendants' Motion for Summary Judgment.

3. Plaintiff cannot present necessary opposing fact materials for the following reasons:

A. No discovery has been had or has been allowed in this case.

B. The central issue is the applicable statute of limitations. The amended complaint alleges that defendants' actions in working with plaintiff to develop prospective business opportunity continued at least until October 2003, and not until thereafter did they make it clear that they would not do business. The matters of prospective business opportunity are complex transactions which require considerable time to carry out and consideration documentation.

Defendants, in support of their Motion for Summary Judgment, attach partial and incomplete deposition material from a case entitled <u>CAM Financial Services, Inc. v. General Star National Insurance Co., Fannie Mae</u> *et al.*, Case No. 1:01-CV-00314-LG-JMR (SD Miss.) in an attempt to contradict the amended complaint. This action was tried in the United States District Court, Southern District of Mississippi, in Gulfport Mississippi.

      C. The city of Gulfport was devastated by Hurricane Katrina. The Court records necessary for plaintiff to make a full and complete response to the motion for summary judgment are not available to plaintiff. Counsel sought those records, but counsel has been advised by the clerk of the United States District Court for SD Miss that the records in the Southern Division office in Gulfport, where the CAM Financial case records are located, will be unavailable until at least the first of next year, because of Katrina.

      D. The litigation was complex and the record is extensive, of which Defendants have selected a small piece. The docket sheet consists of some 66 pages with some 597 entries. Thereafter, the trial occurred before an arbitrator, who issued an arbitrator's award with findings and conclusions.

      E. There are two other sources available to us for the complete records: 1) the files of Cam's lawyers; 2) the files of FM's lawyers. CAM's lawyers cannot provide the records because their offices in Biloxi, Mississippi were utterly destroyed and its files relating to this case were destroyed by wind and flood from hurricane Katrina.

      F. We have requested counsel for Fannie Mae to give us copies of certain video taped depositions that would demonstrate or that could demonstrate the continuing actions of those officials with regard to plaintiff. Two of the depositions are of defendants in this law suit. We also asked for a copy of the arbitrator's award in this matter. We also requested Defendants to

consent to a continuance until the clerk could overcome the Katrina effects on the clerk's ability to produce records in order to be able to review the case records with the clerk of the Southern District of Mississippi.

    G. Those documents would facilitate our response to the motion for summary judgment and our ability to show that material facts are in dispute, notwithstanding Defendants' claims in their Motion, as to the following: when they refused to do business, when Plaintiff should have known such, and when the statute of limitations began running. What we are seeking to demonstrate further, as already alleged in the amended complaint, that Fannie Mae continued at least through October 2003, in a serious manner intended to be believed by Plaintiff, in business development with her. It was not until thereafter that Fannie Mae made clear in their actions against Plaintiff that they would not do business with her. Such demonstration clearly would create a material issue of fact in dispute and such was explained to Defendants' counsel.

    H. Nonetheless, counsel for Defendants refused our request for the documents, and refused our request for sufficient time to obtain the documents from the files of the District Court of Mississippi.

    I. Defendants in their Motion for Summary Judgment selected certain limited testimony of Plaintiff Marialice B. Williams from one day of her multiple day video taped deposition testimony in the CAM litigation. They are attempting to dispositively contradict the Amended Complaint on the issue of the statute of limitation by the mere submission of that limited testimony on the matter of a confidential email between Defendants Richard Lawch and Grace Huepscher. Those two also gave video taped depositions in the CAM litigation. Plaintiff Williams was not a party to that other litigation and did not have an opportunity for direct testimony. Such selected deposition testimony was not available to counsel until attached to the

Motion for Summary Judgment, but is in the possession of Defendants. She, in fact, was deposed for a total of four days. Those additional video taped depositions of Defendants need to be examined, including those of the Plaintiff. Among other documentation, they have not been provided by Defendants and are not available to be examined by Plaintiff.

| /S/ | /November 27, 2005/ |
|---|---|
| Brian J. H. Lederer | Date |

**[NOTE:  ORIGINAL SIGNED AFFIDAVIT TO BE FILED SEPARATELY]**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIALICE BATHRUS WILLIAMS,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>FEDERAL NATIONAL MORTGAGE   )<br>ASSOCIATION, *et al.*,   )<br>)<br>Defendants.   ) | Civil Action No. 1:05cv01483<br><br>Judge John D. Bates |

## ORDER

Upon consideration of Plaintiff Williams' non-consent motion that the Court grant, pursuant to Federal Rule of Civil Procedure R. 56(f), a continuance of this proceeding for ninety (90) days for the purposes of the conduct of limited discovery by Plaintiff regarding issues related to the Defendants' Motion for Summary Judgment on the statute of limitations, any response filed by Defendants thereto; and the entire record in this case, it is hereby Ordered:

1. That the Plaintiff's Motion for Continuance is hereby GRANTED;

2. That Plaintiff is permitted to conduct limited discovery of Defendants regarding issues related to the statute of limitations in this litigation, including discovery of documents, interrogatory responses, deposition testimony and final adjudication in the litigation styled *CAM Financial Services, Inc. V. General Star National Insurance Co. , Fannie Mae et al.*, Case No. 1:01-cv-314-LG-JMR (SD Miss.), and that Defendants' must respond within fifteen (15) days to each such request for discovery; and,

3.  That the period for Plaintiff's filing an Opposition to Defendants' pending Motion for Summary Judgment is hereby extended to ninety (90) days following the issuance of this Order; and that the Defendants' Reply is hereby extended to fifteen (15) days following the filing of the Plaintiff's Opposition.

Entered this _____ day of _____, 2005.


_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE




Copies to:

Michael W. Beasley, Esq.
411 East Broad Street
Falls Church, Virginia  22046

Brian Lederer, Esq.
3003 Van Ness St., N. W.
Suite #W228
Washington, D. C.  20008

Evelyn L. Becker, Esquire
Sarah Alexander Goldfrank, Esquire
O'Melveny & Myers, LLP
1625 Eye Street, N. W.
Washington, D. C.  20006-4001

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that one copy of the foregoing "Plaintiff's Motion for Continuance Under Rule 56(f) to Permit Discovery in Aid of Opposition to Defendants' Motion for Summary Judgment, and Memorandum in Support Thereof," with accompanying Affidavit and Proposed Order, was provided by first-class mail, postage prepaid, this 28th day of November 2005, to the following named counsel for Defendants:

Evelyn L. Becker, Esquire  
Sarah Alexander Goldfrank, Esquire  
O'Melveny & Myers, LLP  
1625 Eye Street, N. W.  
Washington, D. C. 20006-4001  

Counsel for Defendants Fannie Mae,  
 Lawch and Huebscher

                                                              /S/  
                                        Michael W. Beasley, Esq.  
                                        D. C. Bar No. 248930

Counsel for Plaintiff