IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIALICE BATHRUS WILLIAMS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV014823 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | Judge John D. Bates |
| ASSOCIATION, *et al.* ) | |
| ) | |
| Defendants ) | |
| ) | |

## AFFIDAVIT

I, Brian J. H. Lederer, hereby certify, under penalty of perjury, as follows:

1. I am Counsel for Plaintiff in this action. My statements in this affidavit are based on personal knowledge, and are true to the best of my information, knowledge and belief.

2. I submit this affidavit, in support of a motion under Federal Civil Rule 56(f) requesting a continuance to permit discovery pertinent to being able to present facts essential to justify and to file an opposition of material issues of fact in dispute to the Defendants' Motion for Summary Judgment.

3. Plaintiff cannot present necessary opposing fact materials for the following reasons:

A. No discovery has been had or has been allowed in this case.

B. The central issue is the applicable statute of limitations. The amended complaint alleges that defendants' actions in working with plaintiff to develop prospective business opportunity continued at least until October 2003, and not until

thereafter did they make it clear that they would not do business. The matters of prospective business opportunity are complex transactions which require considerable time to carry out and consideration documentation. Defendants, in support of their Motion for Summary Judgment, attach partial and incomplete deposition material from a case entitled <u>CAM Financial Services, Inc. v. General Star National Insurance Co., Fannie Mae</u> *et al.*, Case No. 1:01-CV-00314-LG-JMR (SD Miss.) in an attempt to contradict the amended complaint. This action was tried in the United States District Court, Southern District of Mississippi, in Gulfport Mississippi.

      C.  The city of Gulfport was devastated by Hurricane Katrina. The Court records necessary for plaintiff to make a full and complete response to the motion for summary judgment are not available to plaintiff. Counsel sought those records, but counsel has been advised by the clerk of the United States District Court for SD Miss that the records in the Southern Division office in Gulfport, where the CAM Financial case records are located, will be unavailable until at least the first of next year, because of Katrina.

      D.  The litigation was complex and the record is extensive, of which Defendants have selected a small piece.  The docket sheet consists of some 66 pages with some 597 entries.  Thereafter, the trial occurred before an arbitrator, who issued an arbitrator's award with findings and conclusions.

      E. There are two other sources available to us for the complete records: 1) the files of Cam's lawyers; 2) the files of FM's lawyers.  CAM's lawyers cannot provide the records because their offices in Biloxi, Mississippi were utterly destroyed and its files relating to this case were destroyed by wind and flood from hurricane Katrina.

F.  We have requested counsel for Fannie Mae to give us copies of certain video taped depositions that would demonstrate or that could demonstrate the continuing actions of those officials with regard to plaintiff.  Two of the depositions are of defendants in this law suit.  We also asked for a copy of the arbitrator's award in this matter. We also requested Defendants to consent to a continuance until the clerk could overcome the Katrina effects on the clerk's ability to produce records in order to be able to review the case records with the clerk of the Southern District of Mississippi.

G.  Those documents would facilitate our response to the motion for summary judgment and our ability to show that material facts are in dispute, notwithstanding Defendants' claims in their Motion, as to the following:  when they refused to do business, when Plaintiff should have known such, and when the statute of limitations began running.  What we are seeking to demonstrate further, as already alleged in the amended complaint, that Fannie Mae continued at least through October 2003, in a serious manner intended to be believed by Plaintiff, in business development with her.  It was not until thereafter that Fannie Mae made clear in their actions against Plaintiff that they would not do business with her. Such demonstration clearly would create a material issue of fact in dispute and such was explained to Defendants' counsel.

H.  Nonetheless, counsel for Defendants refused our request for the documents, and refused our request for sufficient time to obtain the documents from the files of the District Court of Mississippi.

I.  Defendants in their Motion for Summary Judgment selected certain limited testimony of Plaintiff Marialice B. Williams from one day of her multiple day video taped deposition testimony in the CAM litigation. They are attempting to dispositively

contradict the Amended Complaint on the issue of the statute of limitation by the mere submission of that limited testimony on the matter of a confidential email between Defendants Richard Lawch and Grace Huepscher. Those two also gave video taped depositions in the CAM litigation. Plaintiff Williams was not a party to that other litigation and did not have an opportunity for direct testimony. Such selected deposition testimony was not available to counsel until attached to the Motion for Summary Judgment, but is in the possession of Defendants. She, in fact, was deposed for a total of four days. Those additional video taped depositions of Defendants need to be examined, including those of the Plaintiff. Among other documentation, they have not been provided by Defendants and are not available to be examined by Plaintiff.

_____    _____
Brian J. H. Lederer                                              Date