IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIALICE BATHRUS WILLIAMS, : | Civil Action No. 1:05CV01483 |
| Plaintiff, : | Judge John D. Bates |
| vs. : | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al*. : | |
| Defendants. : | |

**DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION, RICHARD LAWCH, AND GRACE HUEBSCHER'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE UNDER RULE 56(F) TO PERMIT DISCOVERY IN AID OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants[1] filed a motion for summary judgment because plaintiff's own sworn testimony unequivocally demonstrates that she had knowledge of her purported claims in June 2001—more than four years before filing her lawsuit. As plaintiff testified, "it was clear" in 2001 "that Fannie Mae was not going to do business with me and I had to find work." (Deposition of Marialice Williams, March 17, 2003 ("Williams Dep.") at 91 (deposition attached as Exhibit E to Defendants' Motion for Summary Judgment).) In response, plaintiff seeks to launch into a discovery effort regarding Defendants' knowledge and a previous lawsuit filed against Fannie Mae. But nowhere does she explain how any of this discovery will change the undisputed facts set forth in Fannie Mae's motion. Indeed, she cannot, because Fannie Mae's motion is based solely on plaintiff's own testimony, pleadings, and documents. Therefore,

---

[1]   Collectively, Federal National Mortgage Association ("Fannie Mae"), Richard Lawch ("Lawch"), and Grace Huebscher ("Huebscher").

plaintiff's motion under Fed. R. Civ. P. 56(f) should be denied, and the Court should grant Defendants' motion for summary judgment.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56(f), in the event a non-movant faced with a summary judgment "cannot . . . present by affidavit facts essential to justify the party's opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). For a Rule 56(f) motion to succeed, the plaintiff must show what facts she "intend[s] to discover that would create a *triable issue*" and why she cannot produce them in opposition to the motion. *See, e.g.*, *Byrd v. United States EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999); *Carpenter v. Fannie Mae*, 174 F.3d 231 (D.C. Cir. 1999); *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989).

A Rule 56(f) motion must be supported by "good reasons for [the movant's] complete inability to produce the evidence necessary to defeat the motion for summary judgment." *Donofrio v. Camp*, 470 F.2d 428, 431 (D.C. Cir. 1972); *see also Exxon Corp. v. FTC*, 663 F.2d 120, 126-27 (D.C. Cir. 1980) ("It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact.") (quotation omitted). Rule 56(f) was not created to act as "a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that [the] opposition is meritorious." *Wilmar Poultry Co. v. Morton-Norwich Prods.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied* 424 U.S. 915 (1976); *see also Lamb's Patio Theatre v. Universal Film Exchanges*, 582 F.2d 1068, 1071 (7th Cir. 1978); *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896 (5th Cir. 1980), *cert. denied* 449 U.S. 1082 (1981). Thus, if the court determines that the discovery sought appears irrelevant,

2

or would be wholly speculative, relief under Rule 56(f) must be denied. *See* 11 Moore's Federal Practice § 56.10[8][a] at 56-80.5 through 56-80.6 (Matthew Bender 3d ed.); 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 2741, at 558-59; *cf. First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 293-94 (1968). Here, the discovery sought cannot alter plaintiff's sworn testimony, and therefore is irrelevant.

## ARGUMENT

Rule 56(f) motions should be denied where the non-movant "never stated concretely why she could not, absent discovery, present by affidavit facts essential to justify her opposition to [] summary judgment" and where she "offered no specific reasons demonstrating the necessity and utility of discovery." *Strang*, 864 F.2d at 861. Plaintiff uses the vast majority of her Rule 56(f) motion to demonstrate why she could not obtain records in a previous case where plaintiff was deposed. She details the lack of records available from the court and from other counsel due to the damage caused by Hurricane Katrina. (Plaintiff's 56(f) Motion at 7-10.) Plaintiff fails, however, to detail exactly what facts she is looking to obtain that she could not present by affidavit, and why these documents are relevant to her opposition.

Plaintiff only states that documents:

> are anticipated to address the following critical issues: 1) When Fannie Mae and the individual Defendants first concluded that they would not conduct business with Plaintiff Williams on behalf of Fannie Mae following the termination of her employment with the Agency; 2) Why Fannie Mae and the individual Defendants continued to present circumstances and offer communications indicating to a reasonable person (Plaintiff Williams) that they still were intending to conduct business with her, when in fact they were not going to permit this to happen; and, 3) When Plaintiff could or should have known of the true intentions of Fannie Mae and the individual Defendants.

(Plaintiff's 56(f) Motion at 9.)

All three of these issues, however, are irrelevant to Fannie Mae's motion. First, the relevant issue in determining the start of a limitations period is when the *plaintiff*—not

defendant—knew of her purported claims.  Thus, what Defendants concluded about plaintiff, when they did so, and why, (issues 1 & 2) have no bearing on Defendants' pending motion.  *See, e.g., Taylor v. FDIC*, 132 F.3d 753, 765 (D.C. Cir. 1997) (in order to have a "continuing violation" for purposes of tolling the statute of limitations, the violation must be "one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation ***did not become clear*** until it was repeated during the limitations period") (emphasis added); *Campbell v. Nat'l Educ. Ass'n*, No. 99-7122, 2000 U.S. App. LEXIS 26681, at * 4-5 (D.C. Cir. Oct. 3, 2000) (even under a "continuing violation" theory, the limitations period begins to run when a reasonable person is aware that her rights were violated).

      Second, when plaintiff "could have" or "should have" known of her purported claims (issue 3) is also irrelevant—because her undisputed testimony demonstrates when she actually had notice of her purported claims.  As discussed extensively in Defendants' motion for summary judgment, plaintiff's statements and testimony on this issue could not be any clearer.  Plaintiff's initial complaint made clear that she had "evidence of the ongoing and inexplicable blackballing of Plaintiff Williams from ***all*** Fannie Mae business" when she received an e-mail in June 2001.  (Compl. ¶ 45 (emphasis added).)  And, although plaintiff subsequently asserted that she did not understand "the full meaning" of this evidence until 2003, her sworn testimony on this matter leaves no doubt that the knowledge she did have was sufficient to trigger the statute of limitations.  For example:

- When asked why she forwarded the June 2001 e-mail to a third party, she testified she had "spent a considerable amount of money and time trying to honestly do business with

Fannie Mae and *it was clear from this message* that they were not doing anything but taking my time and attention and using that with other people." (Williams Dep. at 88.)

- Similarly, she also testified that after she received the e-mail, "it was clear that Fannie Mae was not going to do business with me and I had to find work." (*Id.* at 91.)

- When asked how she knew that Fannie Mae had rejected plaintiff's proposal, she stated that it was "[i]n the context of this e-mail." (*Id.* at 102.)

- She acknowledge that she had discussions with others "as soon as probably I got this e-mail" and testified that "[i]t's pretty shocking when you spent almost two hundred and some thousand dollars building a business to suddenly one day walk in the door and no [sic] you don't have ding, after lies and lies and lies and confidentiality and being asked if you wanted to do it, and then being crapped on in the midst of all of it." (*Id.* at 94.)

- Plaintiff also stated that the e-mail was sent to her "because it's pretty clear from this e-mail that I was not going to be given the same opportunity as everyone else was being given to do this" and it was "because I was being screwed." (*Id.* at 94, 121.)

The only argument plaintiff makes in attempting to overcome her clear statute of limitations problem is to say that she tried to make contracts with Fannie Mae, and continued even after 2001 to try to do business with Fannie Mae. (Plaintiff's Opp. to Defendants' Motion to Dismiss at 4.) In essence, plaintiff is alleging a "continuing tort" or "continuing violation" theory. Defendants have explained, however, in their motion for summary judgment, that even under a "continuing violation" theory, the limitations period begins to run when a reasonable person is aware that her rights were violated. *See, e.g., Campbell v. Nat'l Educ. Ass'n*, No. 99-7122, 2000 U.S. App. LEXIS 26681, at * 4-5 (D.C. Cir. Oct. 3, 2000); *see also Taylor v. FDIC*, 132 F.3d 753, 765 (D.C. Cir. 1997) (in order to have a "continuing violation" for purposes of

5

tolling the statute of limitations, the violation must be "one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation *did not become clear* until it was repeated during the limitations period.").

As the Defendants have explained in their motion for summary judgment, plaintiff's sworn testimony demonstrates that she had knowledge of her purported claims in 2001. This knowledge applies to bar plaintiff's claims even under her purported "continuing tort" or "continuing violation" theory. And, because plaintiff cannot contradict her own sworn testimony, any further discovery will not change this fact. It will only waste the parties' and the Court's time and cause unnecessary effort and expense.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that plaintiff's motion for continuance under Rule 56(f) to permit discovery in aid of opposition to Defendants' motion for summary judgment be denied in its entirety.

December 9, 2005                                         Respectfully submitted,

/s/ Evelyn L. Becker
Evelyn L. Becker (D.C. Bar No. 451163)
Sarah A. Goldfrank (D.C. Bar No. 482382)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

*Counsel for Defendants Federal National Mortgage Association, Richard Lawch and Grace Huebscher*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 9th day of December, 2005 upon:

| | |
|---|---|
| Michael W. Beasley, Esq. | Brian Lederer, Esq. |
| 411 East Broad Street | 3003 Van Ness Street, N.W. |
| Falls Church, VA 22046 | Suite #W228 |
| | Washington, D.C. 20008 |

                                                /s/ Kyra Grundeman
                                                Kyra Grundeman