# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**MARIALICE BATHRUS WILLIAMS,**    )
                                              )
     **Plaintiff,**                           )
                                              )
     **v.**                                       )        **Civil Action No. 1:05cv01483**
                                              )
**FEDERAL NATIONAL MORTGAGE**  )        **Judge John D. Bates**
     **ASSOCIATION,** *et al.*,               )
                                              )
     **Defendants.**                        )
_____)

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S CIVIL RULE 56(f) MOTION FOR CONTINUANCE

Comes Now, Marialice Bathrus Williams, by and through her undersigned counsel, and hereby files this Reply to the Defendants' Opposition to her Motion for Continuance to complete discovery under Civil Rule 56(f).

Plaintiff's Amended Complaint alleges in reasonable detail the facts, circumstances and events by Defendants which occurred continuously through at least October 2003, and which resulted in the Plaintiff's specific claims for relief as further stated in the Amended Complaint. It is Plaintiff's position that Defendants' actions, statements, and representations giving rise to Plaintiff's claims for relief continued at least through October 2003, and further that only after that time period was it clearly established that Defendants had cemented their concerted, unlawful and retaliatory refusals to transact business with Plaintiff.

Defendants' Motion for Summary Judgment reiterates arguments set forth in Defendants' pending Motion to Dismiss the Amended Complaint in attacking the

Amended Complaint based upon Statute of Limitations arguments.  This collateral
Motion for Summary Judgment utilizes for primary support one component of exhaustive
discovery records in a prior Federal Civil Action brought by Cam Financial against
Defendant Fannie Mae, an extract of the deposition testimony of Plaintiff Williams in
that litigation.  The assertion made by the Defendants in their summary judgment motion
is that this limited and selective testimony overrides the totality of facts, circumstances
and claims set forth in the Amended Complaint, and demonstrates conclusively that there
is no element of Plaintiff's case in this docket which may survive.

    That one chosen segment of "evidence" as used by the Defendants in their
summary judgment efforts is part of four days of depositions which Plaintiff was
subjected to in the <u>Cam</u> litigation, **in which Ms. Williams was <u>not</u> a party**.  Specifically,
the deposition testimony selected by Defendants concerns Ms. Williams' comments
regarding a single e-mail communication between Defendants Richard Lawch and Grace
Huepscher, now principals in the matters at issue in the Amended Complaint.

    While Plaintiff Williams does not contest that this segment of her past deposition
testimony may be of some relevance to this Court's Statute of Limitations determination
in her instant case, she also is aware that there is much more support for her position
which is available through the normal course of discovery.  At least some of this support
is likely to be found by a non-biased search of the <u>Cam</u> litigation records which were <u>not</u>
selected for use by the Defendants in their current Motion for Summary Judgment.

    Plaintiff's Rule 56(f) motion for discovery states, with support of an affidavit, that
the self-selected and limited evidentiary claims of Defendants in support of their
summary judgment motion are presented out-of-context, and that further evidence

available from the same source would demonstrate material issues of fact in dispute, and substantially stand in favor of the allegations in the Amended Complaint as to when the time for bringing process would have commenced (*i.e.* during or after October 2003).

Plaintiff's Civil Rule 56(f) motion highlights the preference in the law that clearly states the a Court must afford reasonable opportunity to develop and establish material issues of fact in dispute, particularly regarding a dispositive summary judgment motion filed prior to any discovery conducted in a case. Plaintiff has not yet been afforded that opportunity in this case.

Plaintiff's discovery sought in her motion would be focused and limited for the purposes of a Rule 56(f) motion. Further discovery efforts would concentrate on obtaining and reviewing the following: (1) The existing depositions of Defendant's Lawch and Huepscher in the cited <u>Cam</u> litigation docket; (2) Obtaining and reviewing Plaintiff's Williams full four days of depositions in the <u>Cam</u> litigation (not those portions merely extracted by Defendants for their use); and (3) Obtaining previously provided <u>Cam</u> discovery concerning the relevant communications regarding any communications with or about Ms. Williams made by Defendants or other agents or employees of Fannie Mae during the period just prior to and following Ms. Williams departure from the Agency. This portion of the discovery being sought by Plaintiff Williams is currently in the hands of Defendant Fannie Mae and its attorneys in the <u>Cam</u> litigation, and should be available for production within a matter of days. Certainly, counsel for Defendants in this litigation already have this material, having used a selected part of it for their Motion for Summary Judgment, and the provision of it to Plaintiff Williams is a reasonable, fair

and just demand – especially prior to this Court's ruling on their Motion for dispositive treatment of the Amended Complaint.

Additional new discovery which may be necessary prior to the filing of Plaintiff's Opposition to the Motion for Summary Judgment would be focused on specifically obtaining pertinent documents which may not have been incorporated into the <u>Cam</u> litigation and discovery files; including obtaining e-mails, phone logs, correspondence and other communications among the Defendants which address in any manner Plaintiff Williams which were produced or originated from approximately May 2001 (when Defendants are claiming that Plaintiff's relevant Statutes of Limitations on her claims should begin to run) to and through at least October 2003 (when Plaintiff is claiming that the relevant SOLs should begin). This production may necessarily incur the requirement for limited depositions to be conducted regarding the documents produced.

Again, this "new" discovery sought pursuant to Rule 56(f) is merely intended to give Plaintiff an equal footing with Defendants in presenting facts and circumstances in Opposition to the pending Motion for Summary Judgment, prior to the Court ruling on such a crucial matter.

If, in fact, the Court does not need this further submission of Plaintiff to determine that this case should go forward into discovery (thus, reflecting the Court's ruling against both of Defendants' dispositive motions), then the Rule 56(f) relief sought by Plaintiff will not be necessary.

In the event that the Court rules that Plaintiff must file her Opposition without further Rule 56(f) discovery, and that the Defendants' Motion for Summary Judgment is

still open for consideration, then Plaintiff respectfully requests an additional three weeks from the date of the Court's Order in which to file her full Opposition case.

WHEREFORE, Plaintiff urges that the Court grant her Civil Rule 56(f) Motion for Continuance to complete the necessary cited discovery, as further set forth herein; or, in the alternative, that the Court proceed to rule immediately in denying the Defendants' Motion for Summary Judgment based upon the insufficiency of such motion.  As further alternative, the Plaintiff respectfully requests three weeks to file her Opposition, should no further discovery be granted.

Respectfully submitted,


_____/S/_____
Michael W. Beasley, Esq.
D. C. Bar No. 248930
411 East Broad Street
Falls Church, Virginia  22046
Phone:  (703) 241-2909
Fax:  (703) 241-5885


_____/S/_____
Brian Lederer, Esq.
D. C. Bar No. 184184
3003 Van Ness St., NW, Suite #W228
Washington, D. C.  20008
Phone:   (202) 244-1715

Members of the District Court Bar for the
 United States District Court for the
 District of Columbia
Attorneys for Plaintiff
 Marialice Bathrus Williams

December 23, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that one copy of the foregoing "Plaintiff's Reply to Defendants'

Opposition to Plaintiff's Civil Rule 56(f) Motion for Continuance," was provided by

first-class mail, postage prepaid, this 23d day of December 2005, to the following named

counsel for Defendants:

Evelyn L. Becker, Esquire
Sarah Alexander Goldfrank, Esquire
O'Melveny & Myers, LLP
1625 Eye Street, N. W.
Washington, D. C.  20006-4001

Counsel for Defendants Fannie Mae,
  Lawch and Huebscher


                                              _____/S/_____
                                              Michael W. Beasley, Esq.
                                              D. C. Bar No. 248930

Counsel for Plaintiff