## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                   :
MARIALICE BATHRUS WILLIAMS,        :    Civil Action No. 1:05cv01483
                                   :
    Plaintiff,                     :
                                   :    Judge John D. Bates
    vs.                            :
                                   :    **DEFENDANTS FEDERAL NATIONAL**
FEDERAL NATIONAL MORTGAGE          :    **MORTGAGE ASSOCIATION,**
ASSOCIATION, RICHARD LAWCH,        :    **RICHARD LAWCH, AND GRACE**
AND GRACE HUEBSCHER,               :    **HUEBSCHER'S ANSWER AND**
                                   :    **AFFIRMATIVE DEFENSES TO**
    Defendants.                    :    **PLAINTIFF'S AMENDED**
_____: **COMPLAINT**

Defendants Federal National Mortgage Association ("Fannie Mae"), Richard Lawch and

Grace Huebscher (collectively, "defendants") respectfully submit their answer and affirmative

defenses to plaintiff's Amended Complaint ("Complaint"). Unless specifically admitted,

defendants deny each and every averment in the Complaint. Defendants have not yet completed

their investigation into all the facts underlying or supporting their defenses in this lawsuit. This

Answer is based on defendants' reasonable investigation to date. Defendants reserve the right to

supplement this Answer as necessary.

<u>**ANSWER**</u>

<u>**PARTIES**</u>

1.      Defendants admit that plaintiff Marialice Bathrus Williams ("plaintiff") is an

African-American woman. Defendants are without information or knowledge sufficient to form

a belief as to the remaining allegations in the first sentence of paragraph 1 of the Complaint, and

therefore deny these allegations. Defendants admit that plaintiff was employed by Fannie Mae

in various positions, including as an attorney, Assistant Director, and Director, from 1989 to 1998. Defendants deny each and every remaining allegation in paragraph 1 of the Complaint.

2.    Defendants state that Fannie Mae is a federally-chartered, shareholder-owned corporation, and admit that Fannie Mae's primary place of business is located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892. Defendants further admit that, in certain cases, Fannie Mae is considered a federal instrumentality. Defendants deny each and every remaining allegation in paragraph 2 of the Complaint.

3.    Defendants admit that Mr. Lawch is a white male, who is currently residing at 8316 Snug Hill Lane, Potomac, Maryland 20854. Defendants also admit that Mr. Lawch was a Vice President in the Multifamily Division of Fannie Mae in 1991 and subsequently became a Senior Vice President in that Division. Defendants admit that plaintiff purports to sue Mr. Lawch in his personal capacity but deny that plaintiff is entitled to any relief on her claims. Defendants deny each and every remaining allegation in paragraph 3 of the Complaint.

4.    Defendants admit that Ms. Huebscher is a white female, who is currently residing at 8805 Jones Mill Road, Chevy Chase, Maryland 20815-4726. Defendants also admit that Ms. Huebscher has served as a Vice President in the Multifamily Division from 1998 through the present. Defendants state that Ms. Huebscher's current title is Vice President for Capital Markets. Defendants further admit that Ms. Huebscher assumed some of the duties and responsibilities of plaintiff following her departure from employment at Fannie Mae. Defendants admit that plaintiff purports to sue Ms. Huebscher in her personal capacity but deny that plaintiff is entitled to any relief on her claims. Defendants deny each and every remaining allegation in paragraph 4 of the Complaint.

## JURISDICTION

5.      Defendants admit that plaintiff seeks to bring claims under Section 1981 of the Civil Rights Act of 1964 before this Court.  Defendants deny each and every remaining allegation in paragraph 5 of the Complaint.

6.      Defendants admit that plaintiff seeks to bring claims under Section 1985 of the Civil Rights Act of 1964 before this Court.  Defendants deny each and every remaining allegation in paragraph 6 of the Complaint.

7.      Defendants admit that jurisdiction is proper before this Court pursuant to 28 U.S.C. 1331.  Defendants also state that Title III of the National Housing Act, 12 U.S.C. § 1716, *et seq*. ("Fannie Mae Charter Act"), confers an independent grant of federal jurisdiction upon claims brought against Fannie Mae.  Defendants deny each and every remaining allegation in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants specifically deny that plaintiff is entitled to recover for attorneys fees and costs.

## VENUE

10.      Defendants admit that venue is proper in this District.  Defendants deny each and every remaining allegation in paragraph 10 of the Complaint.

## BACKGROUND

11.     Defendants admit that plaintiff was employed by Fannie Mae in its Multifamily Division from January 1990 to June 1998.  Defendants deny each and every remaining allegation in paragraph 11 of the Complaint.

12.     Defendants admit that during her tenure in the Multifamily Division of Fannie Mae plaintiff was involved in the development of insurance policies for certain multifamily loan transactions.  Defendants deny each and every remaining allegation in paragraph 12 of the Complaint.

13.     Defendants admit that during her tenure at Fannie Mae plaintiff helped develop products that supported Fannie Mae's secondary market activities.  Defendants deny each and every remaining allegation in paragraph 13 of the Complaint.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 18 of the Complaint, and therefore deny these allegations.

19.     Defendants admit that plaintiff left the employment of Fannie Mae in June 1998 pursuant to an agreement that speaks for itself.  To the extent the allegations in paragraph 19 of the Complaint are inconsistent with the referenced agreement, they are denied. Defendants deny each and every remaining allegation in paragraph 19 of the Complaint.

20.     Denied.

21.    Denied.

22.    Denied.

23.    Defendants state that the referenced correspondence speaks for itself.  To the extent the allegations in paragraph 23 of the Complaint are inconsistent with the correspondence, they are denied.  Defendants deny each and every remaining allegation in paragraph 23 of the Complaint.

24.    Defendants admit that, on occasion, Fannie Mae has developed a business relationship with a former employee.  Defendants deny each and every remaining allegation in paragraph 24 of the Complaint.

25.    Denied.

26.    Defendants admit that Fannie Mae has acted fairly and without discrimination or unlawful retaliation in its consideration of former employees for business opportunities with the corporation.  Defendants deny each and every remaining allegation in paragraph 26 of the Complaint, and specifically deny that communications with plaintiff were intended to cause a certain response.

27.    Denied.

28.    Concerning the allegations in the second sentence of paragraph 28, defendants admit that they knew that plaintiff informed Fannie Mae that she would be working on risk transfer products.  Defendants deny each and every remaining allegation in paragraph 28 of the Complaint.

29.    The first sentence of paragraph 29 of the Complaint is vague and ambiguous, and accordingly defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained therein.  Concerning the allegations in the second sentence of paragraph

29, defendants admit that they do not treat former employees who are African-American females any differently than they treat former employees who are white males. Defendants deny each and every remaining allegation in paragraph 29 of the Complaint.

30. Denied.

31. Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 31 of the Complaint with respect to the plaintiff's investment in the broker business, and therefore deny these allegations. Defendants deny each and every remaining allegation in paragraph 31 of the Complaint.

32. Defendants admit that they were aware that CAM Financial and plaintiff had communications regarding potential business. Defendants are without information or knowledge sufficient to form a belief concerning the remaining allegations in the first sentence of paragraph 32 of the Complaint, and therefore deny these allegations. Concerning the allegations contained in the second sentence of paragraph 32, the referenced correspondence speaks for itself. To the extent the allegations in paragraph 32 of the Complaint are inconsistent with the correspondence, they are denied. Defendants deny each and every remaining allegation in paragraph 32 of the Complaint.

33. Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 33 of the Complaint, and therefore deny these allegations.

34. Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 34 of the Complaint, and therefore deny these allegations.

35.     Defendants are without information or knowledge sufficient to form a belief concerning the allegations in the first sentence of paragraph 35 of the Complaint, and therefore deny these allegations.  The allegations in the second sentence of paragraph 35 of the Complaint are denied.

36.     The allegations in the first and second sentences of paragraph 36 of the Complaint are denied.  Concerning the allegations in the third sentence of paragraph 36, defendants are without information or knowledge sufficient to form a belief as to whether plaintiff "worked diligently and in good faith to consummate business with defendants" and whether her basis for entering into a confidentiality agreement with Fannie Mae was to ensure "that the proprietary nature of Plaintiff Williams' business initiatives and product development concepts could not be improperly utilized," and therefore deny these allegations.

37.     Denied.

38.     Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 38 of the Complaint, and therefore deny these allegations.  Answering further, Fannie Mae states that it specifically instructed plaintiff that she should not purport to represent Fannie Mae after she left her employment with the company.

39.     Defendants are without information or knowledge sufficient to form a belief concerning the allegations in paragraph 39 of the Complaint, and therefore deny these allegations.  Answering further, Fannie Mae states that it specifically instructed plaintiff that she should not purport to represent Fannie Mae after she left her employment with the company.

40.     Paragraph 40 of the Complaint is vague and ambiguous, and accordingly defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained therein.  Defendants reserve the right to supplement their response to this paragraph.

41.     Denied.

42.     Defendants admit that Ms. Huebscher received an e-mail from plaintiff in May 2001 stating that three A+ rated insurance companies were interested in possibly insuring DUS loans. Defendants also admit that Fannie Mae did not enter into a transaction related to the referenced e-mail. Defendants deny each and every remaining allegation in paragraph 42 of the Complaint.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants state that the referenced correspondence speaks for itself. To the extent the allegations in paragraph 46 of the Complaint are inconsistent with the correspondence, they are denied. Defendants deny each and every remaining allegation in paragraph 46 of the Complaint.

47.     Defendants admit that plaintiff was on notice of the contents of the referenced correspondence by June 4, 2001, but are without information or knowledge sufficient to form a belief concerning the exact date plaintiff received the correspondence, and therefore deny those allegations. The allegations in the second sentence of paragraph 47 are denied.

48.     Denied.

49.     Denied.

50.     Defendants admit that plaintiff had a fair and equal opportunity to make and achieve contracts with Fannie Mae. Defendants also admit that plaintiff contacted Fannie Mae about the possibility of doing business with the company, but defendants are without information or knowledge sufficient to form a belief as to the allegations concerning when any such

communications ceased, and therefore deny these allegations.  Defendants deny each and every remaining allegation in paragraph 50 of the Complaint.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

## COUNT I
### (Unlawful Discrimination Based Upon Race and Sex)

70.    Defendants incorporate their responses to paragraphs 1-69 of the Complaint.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

72.     Denied.

## COUNT II
### (Unlawful Retaliation for the Prior Exercise of Protected Civil Rights)

73.     Defendants incorporate their responses to paragraphs 1-72 of the Complaint.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

75.     Denied.

## COUNT III
### (Unlawful Conspiracy to Deny Plaintiff the Opportunity to Make Contracts Based Upon Race and Sex)

76.     Defendants incorporate their responses to paragraphs 1-75 of the Complaint.

77.     Paragraph 77 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

78.     Denied.

## COUNT IV
### (Tortious Interference with Business Relationships, Specifically Including Plaintiff's Expectation of Prospective Business Advantage)

79.     Defendants incorporate their responses to paragraphs 1-78 of the Complaint.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

81.     Denied.

## COUNT V
### (Intentional Infliction of Emotional Distress)

82.     Defendants incorporate their responses to paragraphs 1-81 of the Complaint.

83.    Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

84.    Denied.

## DEFENSES

Defendants incorporate by reference herein the denials, admissions and allegations set forth in paragraphs 1 through 84 above.  Defendants assert the following additional defenses:

1.    The Complaint fails to state any claim against defendant upon which relief can be granted.

2.    Plaintiff's claims may be barred, in whole or in part, from recovery because it has made statements or taken actions that estops it from asserting its claims or constitute a waiver of its claims.

3.    Plaintiff's claims may be barred, in whole or in part, from recovery on the ground that Defendant has discharged its obligations to the claimant.

4.    Plaintiff's claims may be barred, in whole or in part under applicable statutes of limitations or repose or the doctrine of laches.

5.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

6.    Any loss and/or damages that may have been sustained by plaintiff was directly and proximately caused by the superseding, intervening acts or omissions of plaintiff itself, a third party or third parties for which Fannie Mae is neither responsible nor liable.

7.    Plaintiff has not sustained any damages compensable at law.

8.    Fannie Mae is immune from punitive damages.

9.    Defendants reserve the right to assert and pursue additional defenses that may

become known through discovery or otherwise.

**PRAYER FOR RELIEF**

Wherefore, defendants pray that the Court determine and adjudge:

(a)     that the Complaint be dismissed on the merits;

(b)     that plaintiff take nothing by the Complaint;

(c)     that defendants be awarded its costs, disbursements, attorneys' fees, and expenses

incurred herein; and,

(d)     that defendants be awarded such other and further relief as the Court may deem

proper.

July 11, 2006                              Respectfully submitted,

                                          /s/ Sarah A. Goldfrank_____
                                          Evelyn L. Becker (D.C. Bar No. 451163)
                                          Sarah A. Goldfrank (D.C. Bar No. 482382)
                                          O'Melveny & Myers LLP
                                          1625 Eye Street, N.W.
                                          Washington, D.C. 20006
                                          (202) 383-5300 (phone)
                                          (202) 383-5414 (fax)

                                          *Counsel for Defendants Federal National*
                                          *Mortgage Association, Richard Lawch and*
                                          *Grace Huebscher*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 11th day of July, 2006 upon:

Michael W. Beasley, Esq.                         Brian Lederer, Esq.
411 East Broad Street                            3003 Van Ness Street, N.W.
Falls Church, VA 22046                           Suite #W228
                                                 Washington, D.C. 20008



                                                 /s/ Sarah A. Goldfrank
                                                 Sarah A. Goldfrank