UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIALICE BATHRUS WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE<br>　ASSOCIATION, RICHARD LAWCH,<br>　AND GRACE HUEBSCHER,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No. 05-1483 (JDB)<br>)<br>)　Judge John D. Bates<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), plaintiff Marialice Bathrus Williams ("Plaintiff"), and defendants Federal National Mortgage Association ("Fannie Mae"), Richard Lawch, and Grace Huebscher ("Defendants"), (collectively, the "Parties") hereby respectfully submit their Meet and Confer Statement, which is based upon telephonic meetings, exchanges of e-mail and a personal meeting between Michael W. Beasley, Esq., and/or Brian J. H. Lederer, Esq., counsel for Plaintiff, and Evelyn L. Becker, Esq., Sarah A. Goldfrank, Esq., and/or Kyra A. Grundeman, Esq., O'Melveny & Myers LLP, counsel for Defendants, initiated on August 14, 2006.

Following this Court's Order on Defendants' motion to dismiss and, in the alternative, for summary judgment, and Plaintiff's motion for continuance pursuant to Rule 56(f) to permit discovery in aid of her opposition to Defendants' motion for summary judgment, dated June 26, 2006, two issues remain in this litigation.

Plaintiff's statement of the issues is as follows: 1) Whether Plaintiff Williams, a former employee of Defendant Federal National Mortgage Association ("Fannie Mae"), was denied by the Defendants, based on racial discrimination, the equal opportunity to contract with Defendant Fannie Mae pursuant to business proposals made on or about May 2001 (Count 1 of the Amended Complaint, as further modified by the Court's Order); and 2) Whether Defendants conducted tortious interference with Plaintiff's legitimate business relationships or prospective economic advantage regarding CAM Financial co-brokerage agreement (Count IV of the Amended Complaint). Plaintiff asserts that Defendants' assertion of a defense of statute of limitations is without basis in law or fact.

Defendants' statement of the facts is as follows: (1) Whether Plaintiff brought a specific proposal to Defendants in May 2001, Defendants rejected this alleged May 2001 proposal, and Defendants intentionally discriminated against Plaintiff based on her race in violation of 42 U.S.C. § 1981 by rejecting this alleged May 2001 proposal; and (2) Whether Plaintiff had a valid business relationship or expectancy with CAM Financial with respect to an alleged co-brokerage agreement, which Defendants intentionally interfered with, causing a breach or termination of this alleged relationship or expectancy, and resulting damage.

Defendants deny the allegation that Plaintiff was subjected to racial discrimination, deny that there was any tortious interference with Plaintiff's legitimate business relationships or prospective economic advantage regarding the CAM Financial co-brokerage agreement, deny the allegation that Plaintiff brought a specific proposal to Defendants in May 2001, deny the allegation that Plaintiff had a legitimate business

relationship or expectancy with CAM Financial, and assert that all of Plaintiff's claims are barred by the statute of limitations.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics set forth in Local Rule 16.3(c).

1. <u>Dispositive Motions/Discovery Timeframe</u>: Plaintiff states that dispositive motions are not likely to resolve this matter. Plaintiff believes that there will be a trial on the merits following the Court's ruling on further dispositive motions. Defendants believe that this matter is likely to be resolved through dispositive motions. Any motions for summary judgment should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within thirty (30) days after receipt of the filing of the motion; and any reply brief should be filed within twenty (20) days after receipt of the filing of the opposition brief.

2. <u>Amendment to Pleadings</u>:

*Plaintiff's Statement:* Plaintiff fully anticipates and believes, based on a review to date of the extensive documents in the CAM litigation and based on what Plaintiff believes will be revealed in the course of discovery, that further amendments to the amended complaint will be forthcoming. The CAM litigation is CAM Financial v. General Star International, Fannie Mae, et al., Southern District of Mississippi, 01-CV-00314-LG-JMR.

*Defendants' Statement:* At this time, Defendants do not consent to further amendments to the Amended Complaint. Defendants shall respond promptly to any request for consent.

3

3. <u>Assignment to Magistrate Judge</u>: At this time, the Parties oppose referral of this case to a Magistrate Judge.

4. <u>Settlement Possibility</u>: The Parties have preliminarily discussed settlement as of the date of this filing, and are unable to settle this matter at this time.

5. <u>Alternative Dispute Resolution</u>: The Parties discussed whether the case would benefit from alternative dispute resolution ("ADR"), considering the factors set forth in LCvR 16.3(c)(5)(i)-(v). The parties agree that ADR at this time would be premature, but may be helpful in the future, and will consider ADR after the close of discovery.

6. <u>Dispositive Motions/Discovery Timeframe</u>: As noted above, the Parties believe that any dispositive motions should be filed within forty-five (45) days after the close of discovery; that any opposition to the motion for summary judgment should be filed within thirty (30) days after receipt of the filing of the motion; and that any reply brief should be filed within twenty (20) days after receipt of the filing of the opposition brief.

7. <u>Initial Disclosures</u>: The Parties are willing to stipulate to dispensing with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. <u>Discovery</u>: The Parties propose that discovery be completed 180 days from the date of the Initial Scheduling Conference, now set for Wednesday, September 6, 2006. The Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. Specifically, the

Parties believe that twenty-five (25) interrogatories and seven (7) depositions per Party should be sufficient.

      9.    <u>Experts</u>:  The Parties do not know at this time whether expert witnesses may be necessary.  The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than sixty (60) days thereafter.  The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

      10.    <u>Class Actions</u>:  This case is not a class action and, therefore, this paragraph of Local Rule 16.3 does not apply.

      11.    <u>Bifurcation of Discovery or Trial</u>:  The Parties do not see any need for bifurcation at this time.

      12.    <u>Proposed Date for the Pretrial Conference</u>:  The Parties believe that the Pretrial Conference for this proceeding should be scheduled following the close of discovery and the Court's rulings on outstanding dispositive motions.

      13.    <u>Trial Date</u>:  The Parties believe that the Court should schedule a trial date at the Pretrial Conference.

      14.    <u>Other Matters</u>:  The Parties are unaware of any other matters requiring the attention of the Court at this time.

      Respectfully submitted,

| | |
|---|---|
| /S/ Michael W. Beasley (with permission) | /S/ Kyra A. Grundeman |
| MICHAEL W. BEASLEY, ESQ. | EVELYN L. BECKER, ESQ. (DC Bar |
| D. C. Bar No. 248930 | No. 451163) |
| 411 East Broad Street | SARAH A. GOLDFRANK, ESQ. (D C |
| Falls Church, Virginia  22046 | Bar No. 482382) |
| Phone:  (703) 241-2909 | KYRA A. GRUNDEMAN, ESQ. (DC Bar |
| Fax:  (703) 241-5885 | No. 493622) |
| E-Mail:  beasleys@erols.com | |

| | |
|---|---|
| /S/ Brian J.H. Lederer (with permission) | O'MELVENY & MYERS, LLP |
| BRIAN J.H. LEDERER, ESQ. | 1625 Eye Street, N. W. |
| D. C. Bar No. 184184 | Washington, D. C.  20006 |
| 3003 Van Ness Street, N. W. | Phone:  (202) 383-5300 |
| Suite #W228 | Fax:  (202) 383-5414 |
| Washington, D. C.  20008 | E-Mail: ebecker@omm.com |
| Phone:  (202) 244-1715 | sgoldfrank@omm.com |
| | kgrundeman@omm.com |
| Counsel for Plaintiff | Counsel for Defendants |

Dated:  September 1, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIALICE BATHRUS WILLIAMS,  )<br>  )<br>    Plaintiff,  )<br>  )  Civil Action No. 05-1483 (JDB)<br>    v.  )<br>  )  Judge John D. Bates<br>FEDERAL NATIONAL MORTGAGE  )<br>  ASSOCIATION, RICHARD LAWCH,  )<br>  AND GRACE HUEBSCHER,  )<br>  )<br>    Defendants.  )<br>  ) | |

**[PROPOSED] SCHEDULING ORDER**

On July 12, 2006, this Court filed an Order for an Initial Scheduling Conference. Pursuant to the Court's directive on that date, the parties have filed a Joint Report Pursuant to Local Rule 16.3. It is hereby

ORDERED that the following deadlines and provisions shall govern scheduling and discovery in this case:

| **PROCEDURE** | **DEADLINE** |
|---|---|
| Deadline to Designate Expert Witnesses | November 6, 2006 |
| Deadline to Designate Rebuttal Expert Witnesses | January 5, 2007 |
| Deadline to Complete Discovery | March 5, 2007 |
| Deadline to File Dispositive Motions | April 19, 2007 |
| Deadline to Respond to Dispositive Motions | May 21, 2007 |
| Deadline to Reply to Dispositive Motions | June 11, 2007 |

IT IS FURTHER ORDERED that the Pretrial Conference will be scheduled following the close of discovery and the Court's rulings on outstanding dispositive motions. It is further

ORDERED that the Federal Rules of Civil Procedure and the Local Rules shall govern limitations on discovery.

IT IS SO ORDERED.

SIGNED this the _____ day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 1st day of September, 2006 upon:

| | |
|---|---|
| Michael W. Beasley, Esq. | Brian Lederer, Esq. |
| 411 East Broad Street | 3003 Van Ness Street, N.W. |
| Falls Church, VA 22046 | Suite #W228 |
| | Washington, D.C. 20008 |

/s/ Kyra A. Grundeman_____
Kyra Grundeman