IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MARIALICE BATHRUS WILLIAMS, | Civil Action No. 1:05cv01483 |
| Plaintiff, | |
| vs. | Judge John D. Bates |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, RICHARD LAWCH, AND GRACE HUEBSCHER, | **STIPULATION AND PROTECTIVE ORDER** |
| Defendants. | |

Plaintiff Marialice Bathrus Williams and defendants Federal National Mortgage Association ("Fannie Mae"), Richard Lawch and Grace Huebscher (collectively, "Parties") by and through their respective counsel, having stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect documents and other information in the above-captioned action ("Action"), it is hereby ORDERED THAT:

### I.   SCOPE OF ORDER

This Stipulation and Protective Order ("Protective Order" or "Order") includes in its scope all documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the Action by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition, notice, motion practice or trial, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court, testimony adduced at trial, introduced into evidence or otherwise disclosed ("Litigation Material").

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

A.   A Party shall have the right to designate confidential any Litigation Material that contains or discloses such Party's confidential business information, trade secrets or sensitive proprietary commercial, financial or research information that has not been released into the public domain ("Confidential Information").

B.   All Litigation Material that a Party claims is Confidential Information and subject to the terms of the Protective Order must be designated as Confidential Information by conspicuously stamping the word "CONFIDENTIAL" on each page (except that in the case of multi-page document in which the pages are consecutively numbered, only the first page need be so stamped) or, in the case of other information, by notifying the other Parties in writing. Confidential Information disclosed at a deposition shall be designated as such on the record or by a letter to all counsel of record within 30 days of receiving the transcript. Until the 30-day period elapses, the Parties shall treat such deposition material and testimony as Confidential Information.

## III. RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION

Confidential Information shall be used solely for the purposes of preparation, trial and appeal of this Action and for no other purpose, except that nothing herein shall limit any Party's use of its own documents, things or information. Confidential Information shall not be disclosed or disseminated to anyone, except:

A.   The undersigned counsel for the Parties and the regular employees of outside counsel to whom it is necessary that the information be disclosed for purposes of this Action, and in-house counsel and current employees of the Parties who are in fact assisting in the prosecution or defense of this case and their secretaries, clerks and legal assistants;

B.   The Court, the jury, court personnel, and court reporters, provided that prior to

2

filing any Confidential Information, the Party attempting to file such information must comply with the provisions set forth in Paragraph IV(C) and (D) below;

C.  Any other person, entity or firm with the prior written consent of the Party who designated the material as Confidential Information; and,

D.  Any expert retained by a Party, or a deponent (solely for purposes of his/her deposition), but only after complying with the provisions set forth in Paragraph IV(B) below.

E.  If a Party that received Confidential Information ("Receiving Party") becomes obligated to disclose the information in response to a lawful subpoena or other legal process, the Receiving Party shall give prompt written notice to the Party that produced the Confidential Information ("Producing Party") within five calendar days from receipt of the written notice to allow the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the Action in which the subpoena was issued.

## IV.    GENERAL PROVISIONS

A.  If, prior to the date of this Protective Order, any Party shall have already produced or otherwise disclosed Litigation Material, the undersigned counsel for the Receiving Parties shall not disclose it to anyone outside of their law firms until ten days after the entry of this Order. During those ten days, counsel for the Producing Party may in writing designate Confidential Information, in which event counsel for the Receiving Party shall be responsible for returning the documents, things and information to the Producing Party so that the Confidential Information may be appropriately marked. In the event a Producing Party produced or other disclosed documents, things and information marked "CONFIDENTIAL" prior to entry of this order, such Confidential Information shall be protected by this Order.

B.  Each person to whom Confidential Information will be disseminated (other than

3

the Parties, the attorneys for the Parties and their employees, the Court, the jury, court personnel and court reporters) will be required, prior to any dissemination, to receive and read a copy of this Order and to agree, in writing, to be bound by the terms of this Order, and to be personally subject to the jurisdiction of this Court for the purpose of enforcement hereof. Counsel for any Receiving Party shall maintain a list of all such persons along with the written agreement of each person to that effect, and shall provide copies of such written agreements to the Court for *in camera* inspection if any Party files a motion to enforce this Order.

      C.      Any hearing which refers to or describes Confidential Information may, in the Court's discretion, be held *in camera*. Before a Party may refer to or describe Confidential Information in a court hearing, that Party must request that the hearing be held *in camera*. Nothing contained herein shall be deemed to constitute a waiver of any Party's right to contest the sealing of any documents, things and information pursuant to Rule 26 of the Federal Rules of Civil Procedure.

      D.      The Parties agree to file with the Court any Confidential Information only "Under Seal", to the extent allowed by the Court.

      E.      If an objection to designation of documents, things and information as Confidential Information is made, counsel for the objecting Party ("Objecting Party") shall set forth its objection in writing to the Producing Party, and such Objecting Party and Producing Party shall meet and confer as soon as practicable in a good faith effort to resolve their differences. Failing resolution, the Objecting Party may, as soon as practicable after the meeting and conference, file a motion to remove the Confidential Information designation. Pending resolution of the motion, the Confidential Information shall be treated as such, except as required by the Court and agreed upon in writing by the Parties. This paragraph in no way changes the

4

burden of proof on the Parties under existing case law with respect to confidentiality of documents.

F.  If any Confidential Information is disclosed, through inadvertence or otherwise, to a person not designated to receive such information under this Order, then the Party that disclosed such information immediately shall use its best efforts to bind such person to the terms of this Order and identify such person to the Producing Party.

G.  The production of documents, things and information subject to the attorney-client privilege, work product doctrine or other privilege shall not constitute a waiver of that privilege for the documents, things and information or their subject matter. Upon notice of such production from the Producing Party, the Receiving Parties shall return the documents, things and information, and all copies thereof, to the Producing Party.

H.  This Order shall not be construed to preclude or limit any Party from opposing any discovery on any grounds that would otherwise be available. This Order shall not limit any Party's right to seek judicial order or to seek further and additional protection against or limitation upon production or dissemination of documents, things and information or their contents.

## V.  USE AND RETURN OF CONFIDENTIAL INFORMATION

Within thirty days of the close of this Action, each Party shall use best efforts to retrieve all copies of other Parties' Confidential Information from their own files, and from experts or other persons to whom they have been provided consistent with this Order, and to return to the Producing Parties all copies of Confidential Information produced or otherwise disclosed during this Action. In lieu of returning the same, Receiving Parties may certify that all documents, things and information, and all copies thereof, have been destroyed. Confidential Information that has been placed in any computer system shall be completely erased, and any documents,

5

things and information listing or summarizing such information shall be destroyed within the same period. Each Party then shall provide the opposing Party with a letter certifying that he, she or it has complied with this paragraph.

SIGNED this 19th day of December, 2006.

_____
JUDGE JOHN D. BATES
UNITED STATES DISTRICT COURT